## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Albert M. Bryson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| NCB Management Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Albert M. Bryson, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendants transact business here and a substantial portion of the acts giving rise to the act occurred here.

### PARTIES

3.      Plaintiff, Albert M. Bryson ("Plaintiff"), is an adult individual residing in Parkesburg, PA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692(a)(3).

4.      Defendant, NCB Management Services, Inc. (hereinafter "NCB"), is domestic corporation with its principal place of business at One Allied Drive, Trevose, PA, 19053, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692(a)(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by NCB and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties as their identities are determined through discovery.

6.      NCB at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      The Plaintiff incurred a financial obligation to (the "Debt") to State Farm (the "Creditor") in connection with the use of a personal credit card.

8.      The Debt was incurred primarily for personal, family or household purposes, and therefore meets the definition of a "debt" under 15 U.S.C. § 1692(a)(5).

9.      The Debt was purchased, assigned or transferred to NCB for collection, or NCB was employed by the Creditor to collect the Debt.

10.      The Defendants began attempts to collect this Debt from the Plaintiff, and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692(a)(2).

### B.  NCB Engages in Harassment and Abusive Tactics

11.      The Defendants call the Plaintiff every day regarding the Debt.

12.      The Defendants call the Plaintiff two times per day.

2

13.     The Defendants call despite the Plaintiff's request that they cease calling him.

14.     The Plaintiff did not receive a written notification from the Defendants advising him of his rights under state and federal law including his right to dispute the Debt.

15.     The Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT 1

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
15 U.S.C. § 1692, *et seq.***

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

18.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

19.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

20.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

21.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

22.     The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

23.     The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *et seq.*

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Plaintiff is a "consumer" as defined in 73 P.S. § 2270.3.

28.     The Defendants are "debt collectors" as defined in 73 P.S. § 2270.3.

29.     The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4.

30.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *et seq.*

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law pursuant to 73 P.S. § 2270.5.

33.     The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

34.     As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages, as well as costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against Defendants;

4.  Statutory damages pursuant to 73 P.S. § 2270.5(c);

5.  Actual damages pursuant to 73 P.S. § 201-9.2(a);

6.  Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7.  Treble damages pursuant to 73 P.S. § 201-9.2(a);

8.  Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

5

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

9.   Punitive damages; and

10.   Such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: September 24, 2010

Respectfully submitted,

By <u>JBB8445</u>

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
*Attorneys for Plaintiff*